**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **TROY M. THOMPSON,** ) | **CASE NO. 4:08CV3137** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **DOUGLAS COUNTY CORRECTIONS,** ) | |
| **NEWTON, Warden, CURTIS, C/O II,** ) | |
| **RUSSELL-CUMMINS, Sgt., and** ) | |
| **DOUGLAS COUNTY CORRECTIONS** ) | |
| **MEDICAL DEPARTMENT, (Correct** ) | |
| **Care Solutions),** ) | |
| ) | |
| **Defendants.** ) | |

Plaintiff filed his Complaint in this matter on June 30, 2008. (Filing No. 1.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter on June 30, 2008, against Douglas County Corrections ("DCC"), Correct Care Solutions and three individuals, Officer Curtis, Warden Newton and Sergeant Russell-Cummins. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff alleges that he is currently confined at the Cass County Sheriff's Department in Cass County, Nebraska. (Id. at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that on April 3, 2008, Defendant Curtis asked Plaintiff to place a wet-floor sign over a water puddle. (Id. at CM/ECF p. 5.) This water puddle was allegedly caused by a "leaking ceiling." (Id.) Plaintiff alleges that because Defendant DCC "purposely ignored" the leak, Plaintiff slipped and injured his "buttocks and lower back" on April 5, 2008. (Id. at CM/ECF pp. 5-6.) Plaintiff alleges that

he was transported to the University of Nebraska Medical Center to receive treatment for his injuries. (*Id*. at CM/ECF p. 5.)

After receiving treatment, Plaintiff began taking "motrin medication for pain." (*Id*.) However, Plaintiff alleges that his back pain "is still present," and that the medical staff will not provide him with "stronger" medication. (*Id*. at CM/ECF pp. 5-6.) Plaintiff seeks $2,000,000.00 in damages. (*Id*. at CM/ECF pp. 7-8.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations

must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Plaintiff's Claims Against Douglas County

Plaintiff names DCC as a Defendant in this matter. (Filing No. 1 at CM/ECF p. 1.) The court construes claims against DCC as claims against Douglas County, Nebraska. As a municipal defendant, Douglas County may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

3

2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)   That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Although Plaintiff alleges DCC "purposely" failed to fix the alleged leak, his allegation focuses on one incident, not a continuing or widespread pattern of constitutional misconduct. Further, Plaintiff has not alleged that a DCC custom was the "moving force" behind his injury. Because of these omissions, Plaintiff has failed to allege a cognizable claim against DCC under the *Jane Doe* standard. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to state a claim against Defendant DCC upon which relief can be granted. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

  B. Plaintiff's Eighth Amendment Medical Claims

The court liberally construes Plaintiff's Complaint to allege an Eighth Amendment claim relating to denial of medical treatment. A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but

4

deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104).

Here, Plaintiff alleges that he received treatment from the University of Nebraska Medical Center and was provided with "motrin medication" for pain. (Filing No. 1 at CM/ECF p. 5.) Plaintiff also alleges that his pain is still present, and that Defendants refuse to provide him with "stronger medication." (*Id.* at CM/ECF pp. 5-6.) Liberally construed, Plaintiff has alleged that his back injury is a serious medical need. But, Plaintiff does not allege that Defendants were deliberately indifferent to that need. Plaintiff simply alleges that Defendants will not provide him with a "stronger medication" than the "motrin" he currently takes. (*Id.*) Plaintiff has therefore failed to allege a cognizable Eighth Amendment medical claim against Defendants. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to state an Eighth Amendment medical claim upon which relief can be granted against Defendants. Again, any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

C. Plaintiff's Eighth Amendment Safety Claims

The court also liberally construes Plaintiff's Complaint to allege a separate Eighth Amendment claim related to Plaintiff's safety. The allegation requirements for this claim are similar to those outlined above. A prisoner asserting a violation of his Eighth Amendment safety rights, must show "deliberate indifference," or reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Moreover, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Unlike his Eighth Amendment medical claim, Plaintiff has sufficiently alleged a cognizable Eighth Amendment safety claim. Plaintiff alleges that he slipped and injured his "buttocks and lower back" because Defendant DCC "purposely ignored" a ceiling leak. (Filing No. 1 at CM/ECF pp. 5-6.) This injury occurred on April 5, 2008, two days after Defendant Curtis asked Plaintiff to place a wet floor sign over a water puddle caused by the leak. (*Id.* at CM/ECF pp. 2-3.) These facts are sufficient to nudge Plaintiff's Eighth Amendment safety claim across the line from conceivable to plausible. As a result, Plaintiff's Eighth Amendment safety claims against the individual Defendants may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Further, no summonses will be issued until after

Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

    IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **November 14, 2008**, to amend his Complaint to clearly state a claim upon which relief can be granted against Defendants, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant DCC and Plaintiff's Eighth Amendment medical claims will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

3. No summonses will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order;

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **November 14, 2008**; and

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 14th day of October, 2008.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge